MR. JUSTICE MORRISON,
concurring in part and dissenting in part:
I concur with the result reached by majority on all issues except the admission of certain testimony. This dissent specifically relates to the admission of rebuttal testimony received from one Cedric Hames. The majority opinion finds that the failure to notice this witness and the subsequent admission of the witness’s testimony, constituted error but *340 was harmless. The basis of the majority’s determination that reception of the evidence constituted harmless error was that defense counsel was given an opportunity, through being afforded a continuance for cross-examination of the witness. Such opportunity did not cure the error.
The thrust of Hames’ testimony was to counter defendant’s evidence with respect to “state of mind.” This was the pivotal issue in the case.
The unquestionable prejudice to defendant in not knowing of Hame’s testimony, was that defendant was denied opportunity to counter the testimony with psychiatric testimony offered on behalf of defendant. To effectively answer the State’s position that the defendant planned this act defendant must be allowed the opportunity to explain the meaning of the actions portrayed by Hames. Defendant’s psychiatrist was denied this opportunity because the reality of the proof was unknown. Defendant was further denied the right to deal with this damaging evidence either in voir dire or at any other stage of the trial. I cannot conceive of a majority of this Court holding that cross-examination of an unnoticed witness satisfies the legal requirement that defendant be entitled to know the State’s case and be given the opportunity to prepare a defense.
Sometimes I feel we may as well abolish the defendant’s procedural safeguards for we routinely hold that the State’s failure to comply constitutes harmless error. At least we would all be saved the expense of lengthy appeals.